with the next case which is Newcomb v. Spring Creek Cooler Inc. Good morning, counsel. You may proceed. Thank you. May it please the Court, my name is Kirk Kastorf and I represent the plaintiff, Michael Newcomb. I start with what ought be an uncontroversial premise. Absent exceptional circumstances, plowing a forklift into another human being is typically tortious conduct. That is what happened here. Mr. Newcomb was waiting to complete the last delivery of his day when Mr. Smalls unexpectedly struck him with a forklift. Mr. Newcomb suffered serious injury and could no longer work. But because Mr. Newcomb was unlucky enough to have general awareness that forklifts are best operated in reverse under load rather than forward, the district court concluded that summary judgment was appropriate under an assumption of risk theory. I don't intend to belabor the facts because I understand the Court has read the briefs. I do think it's somewhat difficult from the briefs to envision exactly how the accident took place. The Spring Creek facility has several loading docks. Help me understand what the trial court did here. As I understand it, looking at the claim, you made a premises liability negligence claim and also independently a respondeat superior negligence claim. Do I have that right? They were both, he was sort of traveling under two theories. That's correct. I think the complaint, well, the complaint is broadly plaid and particularly in the background. Right, but you were traveling under both of those theories, although really this was more a respondeat superior case than a premises liability case as you viewed it. The district court went off on premises liability, talked about how much knowledge your client had, they had, and then also introduced the issue of the affirmative defense of assumption of risk. Right? Correct. To see, are we to read the opinion as having said two things, you lose on premises liability as a matter of law because it's clear that your knowledge was equal to or superior to the employer, and in any event, you assumed the risk. Is that how we read what the district court said? That's actually not how I read the district court. I mean, the district court's analysis on assumption of risk comes at the very end of the opinion in a couple of sentences. I understand. That's why I'm asking, what is the district court saying about assumption of risk as you see it? I believe the district court. I mean, he didn't have to say a word about assumption of risk. If he were right about premises liability, of course, he'd have to address the issue of respondeat superior liability, which is a distinct theory. Well, correct, and frankly, I don't think the district court does address that. I'm just trying to figure it out because assumption of risk, it's not clear to me whether that's used as an affirmative defense to A or to B or to both, and it's not clear to me whether the district court is ruling that that's a good defense, and therefore, I'm summary judging this case because as a matter of law, Newcomb assumed the risk here, whether it's premises liability or not. Right, Your Honor. I think I understand the question and the way I . . . I'm just trying to have you tell me what you think the district court was saying about assumption of risk. I interpreted the district court to be saying that after I have agreed that the remaining claims merge into respondeat superior, essentially, the remaining claim here is a premises claim for being struck with a forklift, and Mr. Newcomb assumed his own risk, and I interpreted the court to essentially view the remaining claim as solely being premises liability and applying . . . Then you read the district court as having said you lose for two reasons, premises liability, superior knowledge, and independently, you assume the risk anyway. No, Your Honor. I think the district court, I believe, thought we lost for one reason. There was one remaining claim that was effectively a premises liability claim, and we lose that for assumption of risk. Where it gets complicated . . . Not because your knowledge was superior or equal. That's correct. I interpret the district court to be saying it's lost on assumption of risk, and what makes this a bit complicated is that Georgia Court of Appeals often does talk about assumption of risk in the context of premises liability cases . . . Right, but you agree assumption of risk would be an affirmative defense that would properly lie whether as a defense to premises liability or as a defense to respondeat superior. Yes, Your Honor. Assumption of risk can apply . . . To either. Right. So if this court is . . . So our position is that we're entitled to a trial on count one of our complaint, which is an assertion of simple negligence against Mr. Smalls. Spring Creek made a strategic decision to concede respondeat superior liability, the reason being that they wanted some of the other claims to merge. For example, there was a negligent hiring, training, and entrustment claim, which was quite strong because Mr. Smalls was not actually a regular forklift driver operator. He had a different job at the facility, and they decided to enlist him that day. So they made a decision to concede respondeat superior liability, and for that reason, they are responsible for Mr. Smalls' negligence if there is a triable issue that Mr. Smalls negligently operated a forklift, and that is independent from the premises liability claim. If Mr. Smalls plowed into Mr. Newcomb on Forsyth Street in front of this courtroom, Spring Creek would still be liable for that, and so there's no reason why this court needs to consider assumption of risk specifically in the context of premises liability cases. Can I just . . . What are the facts that need to be tried? One is, does one have to do with the employees only sign? Is that part of the facts that need to be tried for the negligence case or not? Actually, we don't believe so on count one, which the court determined that there was a triable issue of fact, which I don't believe was cross appealed. So it's kind of a moot issue in any case, but in fact, the employees issue gets to the level of duty owed to somebody who is on a premises. So if we were proceeding solely under a premises liability claim, and we were not able to win a trial that he was an invitee or owed some duty greater than a trespasser, that would change the jury instruction that went to the jury. Okay. So the negligence theory is he shouldn't have been operating the forklift this way, but in any case, he'd been operating it in a certain way, and at the last minute, he changed to a different way of operating it, which something that the victim could not possibly have known he was going to do, and therefore he was injured. Is that it? That's correct. And as a more basic level, it's not appropriate to drive a forklift into another human being. And if you do that, absent exceptional circumstances, such as the individual darting off in front of the forklift or something like that, there is a claim for simple negligence. Talk about the King case for a minute. You filed a supplemental authority, and it's your 2000 case. Did you argue it to the district court? I don't believe we cited that case to the district court. You found it later. And what is your position regarding the case? Our position regarding the case, and most of our briefing focused on Little Rapids v. McNamee, which is more frequently cited in Georgia law, and we think has a very good explanation of the even on a premises, the general concept of assumption of risk, the very high burden applies. And so that's what our briefing focuses on. After we briefed that, we found King v. Anglin. It's a much shorter case that hasn't been substantially cited, but frankly, we think the facts are virtually identical to this action. In that case, the person who's on the premises was helping unload manure from the back of a van. Occasionally, the van would go to reload and come back, and each time he went to reload, he was driving the van forward. Since it's easier to unload a van from the rear, the plaintiff was standing in the rear consistently. On the fateful pass, the driver said, I'm going to go bring back the van, which he meant he was going to go park it. The plaintiff assumed he was getting another load, and instead of driving forward as he had otherwise, he drove backwards on that particular occasion. And the court said, not only is that not assumption of risk as a matter of law for the plaintiff to have stood behind the van, but in fact, it's reversible error to charge the jury on assumption of risk. And we view this fact as remarkably similar here. Mr. Small's first four approaches were precisely identical. He took a long sort of looping route to get from the freezer to the trailer. As he approached the trailer, he slowed down and came to a stop. Mr. Newcomb would come over and check the temperature of the court, and in fact, they tended to have a conversation each time. Then Mr. Smalls would line up the forklift with the trailer and proceed forward. That happened on four consecutive passes, and in each of those passes, Mr. Newcomb stood in precisely the same place in front of a pillar off to the right of his trailer, which is frankly a reasonable place to stand because there's no reason to think a forklift is going to be driving toward the pillar. On the fifth pass, Mr. Smalls again started the circular loop, but he did not slow down, he did not stop, he did not give Mr. Newcomb a chance to come over and measure the temperature of the court or have a conversation, and he did not line it up with the trailer. He simply plowed straight on through, which is entirely dissimilar to what he had done on the four previous passes. We don't know why he did that, and in fact, even once he first struck Mr. Newcomb, sending Mr. Newcomb flying into the back of the trailer, he still didn't realize he'd caused an accident. And fortunately for Mr. Newcomb, he managed to maintain consciousness during this and was able to scream, which is what alerted Mr. Smalls to the fact that he had to stop. But the key point is that the final approach is dramatically different. Mr. Newcomb never changed his position at any point, which the defendant categorizes as stubbornness. I would say that's actually a rational— —to Little Rapids for a minute. My understanding of your citation to that case is for the imperative negligence, but not assumption of risk. That's correct. We think— —the bottom line. That's the bottom line, and if the defendant wants—wishes to argue at trial that Mr. Newcomb bears some responsibility, that is certainly an argument they're entitled to make. But we think Little Rapids is significant in several respects. The first is that it directly cites to the vehicular standard for assumption of risk, which is an extraordinary standard—a standard of extraordinary recklessness. It says things that, like car surfing or drag racing, entitle you to a jury charge on assumption of risk. Even that does not amount to summary judgment. And in fact, some extraordinarily reckless conduct, such as passing out drunk in the middle of a roadway, is comparative negligence in Georgia, not assumption of risk. So Little Rapids is significant because it makes it clear that those cases would apply even in a premises context. It's also significant because it talks about, in premises liability, either as assumption of risk or as equal knowledge, there needs to be some affirmative act. It contrasts a situation where an individual is aware some pallets are dangerous, knows they're dangerous, and walks near them and says that's not assumption of risk with another case where a plaintiff sees that some lumber is wiggling and that it's being moved with a forklift and clamors on top of it. And it said that decision to clamor on top of moving lumber that's being hit with a forklift might be assumption of risk, but merely being near a condition that is dangerous, that you know to be dangerous, does not arise to that level. And is only a matter of comparative negligence. And finally, I note that if this court were to decide that assumption of risk could apply, even in that situation, we would still be entitled to remand because assumption of risk needs to be full and voluntary and without coercion of circumstances. And Georgia courts have given the example of a delivery driver who can't complete his delivery or would get in trouble with his employer as coercion of circumstances. So we're entitled at least to a tribal, a jury trial on to whether Mr. Newcomb was voluntarily assuming his risk. Thank you, counsel. May it please the court. I'm Mark Pickett. I'm here on behalf of the defendants in this case. Mr. Pickett, could you tell me at the outset would you understand the holding of the district court to have been in this case beyond granting final summary judgment for your client? What was the theory on which he granted summary judgment? There were two theories. One is superior knowledge based on the premises liability. But that's independent of the assumption of risk theory, right? It is and it isn't. Well, the way he wrote it, it isn't. But do you see it as distinct? The assumption of risk would apply to a premises liability claim as well as to a negligence claim. Right. But the premises liability theory says in substance, if the plaintiff, the victim has equal or superior knowledge, he can't prevail. That's correct. Simple as that. Assume risk, not assume risk. It doesn't matter. That's an affirmative defense. Yes. Assumption of risk says something different and it's an affirmative defense. It says he walked into a circumstance with his eyes wide open and assumed all of the problems they come. Now, those are distinct reasons upon which summary judgment could be granted, right? From a legal standpoint, they are. The only reason I raise it is when I looked at the district court opinion, it's very interesting the way he phrases it. The district court says, and I quote, this is the penultimate paragraph on page nine of Judge Abrams' opinion. She says, Newcomb knew of the hazard that caused his injury, Smalls driving the forklift towards him with an obstructed view. Thus, Mr. Newcomb had as much, if not more knowledge than Spring Creek and voluntarily remained in the path of the forklift. Now, that would, if that's correct and that's clear and undisputed, then that would entitle you to summary judgment on premises liability. But then the district court says, Mr. Newcomb therefore assumed the risk and dangers incident to the known condition being struck by the forklift being driven toward him by a driver with an obstructed view. And then he concludes by, she concludes by saying, accordingly, because a plaintiff cannot recover in a premises liability suit unless the defendant has superior knowledge of the hazard, the defendant is entitled to summary judgment if there's no evidence that it had superior knowledge or undisputed evidence demonstrating that the plaintiff's knowledge of the hazard was equal or greater to. It seems to me the judge is saying two things. You went on premises liability and there was an assumption of the risk. I would agree. Okay. Now, let me ask you about that. As I understand the law in Georgia, the Georgia courts have clearly recognized the difference between premises liability on the one hand and negligence claims arising from events that happen to take on the defendant's premises. There are two different theories. One would be a normal common garden variety negligence responding at superior. The other would be premises liability, right? Yes. They were traveling on both theories. You would agree with that? They attempt to, yes. Okay. Now, as I understand Georgia law, liabilities determined under the framework of premises liability only if the injury is caused by a condition of the premises over which the premises owner has some degree of control such as a static condition or passive defect. If an injury is caused by an act of negligence of an owner, occupier, employee, however, ordinary negligence principles apply. That's clear as the law. That's governing law in Georgia. Well, I'm just reading from what the Georgia Supreme Court has told us. Yeah. It's simply stated yes. I haven't misstated what they said in Byram, have I? No. No, you have not. Wasn't this basically a active negligence responding at superior case? The claim here is not that there was some latent defect permanent static in the premises. Rather, it is this guy drove the forklift in a negligent way, hit the guy, he fell on his head and had an injury. Isn't that ordinary negligence responding at superior liability? It could be, but not under the facts of this case. If the forklift driver as... Okay. What's the static condition? Static condition is there's an operation of a forklift going back and forth. Well, that's not a static condition. It is an active condition, but you can have an active condition premises liability case to an operation of an elevator that is going up and down constantly. And while it's in motion... We've got cases that say that, look, an elevator, the elevator is going up and down. Nobody has direct control over the elevator. So there's no human. It is a repeated action. Okay. That's different, right? Elevator, no human. This is the way this elevator operates. It might be moving, but it's a condition of that building. I would urge the court, it is not different in this case. All right. Because in this case, you've got a forklift operator who... Can at any time do anything different? At any time. He did not do anything different. Well, let's just... That's an issue, isn't it, for the jury? They say he did something different. It is not. Under the record, it is not an issue. The plaintiff's own testimony over and over again. Counsel's made a representation about what the facts are. Those facts are not borne out in the record. They're not... Nowhere in the deposition of the plaintiff does he say that he did anything differently. He attempts to say... The one thing he attempts to say is that on this occasion, on every other occasion, he had stopped and straightened himself out before entering the trailer. He attempts to say that. However... Let me ask you to tell me what is the pre-existing dangerous condition on those premises that you're referencing? The operation of a forklift... How is that a pre-existing dangerous condition? If he had operated the forklift in a perfect way, there still would be no pre-existing dangerous condition. You think premises liability turns on the role of somebody driving a truck on the property? If he were to have some discretion or some alteration and it was being done differently, that alteration is what gives rise to a claim of negligence. The Little Rapids case. Okay, just a second. Can we finish my question? I'm sorry. Which was, I understood he to be claiming that the operation of the forklift did change. And you say that's nowhere in this record that he never asserted that anywhere, anytime. It is not. Okay. Document 26-4. First of all, pages 60... Well, if the answer is he never said that, then he never said it. And your counsel can tell me where he said it. So how can you cite me a page where he didn't say it? Well, what I'm going to tell you is he actually says, he was asked, did the forklift operator do this the same time every time, same way every time? And he said, yes. Tell me anything he did differently. I can't. I can't tell you anything he did differently. He says that. We cited all of that in our brief, pages 60 to 70 or so on document 26-4. But the one thing he does attempt to say is he tries to say that this one time, at this last, this fateful occasion, the forklift is pulling up to go into the trailer. And every other time he would stop, straighten himself out and then go in. But what do you mean he attempted to say that? Either he said that or he didn't say it. That's what counsel's arguing. But... Oh, wait. Okay. The deposition never says he changed. If I could just get quickly through this. Document 26-4, pages 40 to 41. What the plaintiff says is that the forklift comes up to where it was coming before. It strikes him. Of course, he knows he can't see him. And then after the strike occurs, the forklift, unknowing that the strike has occurred, stops, backs up, straightens itself up and pulls into the trailer, just like he had done on every single other occasion. So he did not stop before he struck him because he didn't know where he was. But he did stop, back up, and pull in again. Exactly like you don't... Okay. So your theory is that he never made statements that there was any change in the operation that affected his injury. And because it was the same operation every time, that's a pre-existing premises condition. That's your argument.  And it's also the alleged negligence that they want to claim. Well, you can see that their allegation, at least, travels on two theories. That's what I asked you at the very outset. Yes. Premises liability was one. Act of negligence responding out superior was another. Let me ask you something this way. Suppose the guy was driving the forklift, not in the interior of the plant, but at a parking lot in front, same property, and ran the guy over. Would that be a pre-existing condition case? Would that be premises liability? Well, part of this is because it is in an enclosure. And it's an enclosure with no trespassing signs and no one beyond this area signs up. So it is an area that dangerous operations are going on. It's like the saw in a sawmill. It's like a conveyor belt in a warehouse. It is a dangerous condition that is going on. A dangerous operation of heavy-duty industrial equipment that's being taken place. If that was being done in a parking lot, then the owner of the premises would have an obligation to keep people out of that area or to at least advise them if you enter this area, there is dangerous activity going on in this area. Be aware. They did that here. Even without the warnings, he has acknowledged that he knew. He watched it three or four times. So the answer to my question, if the accident had occurred on their parking lot outside, would be what? If it was on the parking lot and there were signs keeping people away and he observed it three or four times and it was exactly the same. So if you hit him on the parking lot with the sign saying don't be on the parking lot? Well, that's kind of where we hit to a different, that's what makes that scenario different than what we have here. Let me ask you a slightly different question about assumption of risk. That's an affirmative defense. Isn't there a fact question here about whether he assumed risk? Georgia tells us it's generally a jury question unless it is so clear, so palpable that the guy knowingly walked in front of a truck at a time when he wasn't drunk or something like that or he was driving on top of a truck or something like that or skating or something like that. Aren't these generally fact questions under Georgia law? Have I understood that right? Generally, they are. It is the exceptional case. Why would this be the kind of exceptional case that they've cited? What is there about getting hit by a forklift when you're going there to pick up some goods that suggests that this was really that quality? What gives us guidance in this case is Kroger v. Williams. That's the 257 Georgia Appeal 833 case. In that case, the court granted summary judgment based on assumption of risk and the court of appeals upheld it in a unanimous three-panel decision. That case came several years after the Little Rapids case. It actually refers to Little Rapids and it distinguishes Little Rapids as does Fowler v. Alpharetta State Skate Center. In those cases, what was going on on the property, what was going on with the forklift, actually, the Kroger case is a forklift case. When that occurs, if nothing changes about how it's been done over and over again, if the plaintiff is fully aware of all aspects of what he's dealing with and he puts himself into danger, he is the only one that can stop him. Let me come at it this way. Okay. Georgia courts regularly quote Prosser and Keaton on the difference between the concept of assumption of risk on the one hand and contributory negligence on the other. So in Owens, Illinois v. Bryson, Georgia Appellate Court says the following, quoting Prosser and Keaton on the concept. And they say, quote, A pedestrian who walks across the street in the middle of a block through a stream of traffic traveling at excessive speed cannot by any stretch of the imagination be found to consent that the drivers shall not use care to watch for him and avoid running him down. And on the contrary, he is still insisting they shall. This is contributory negligence, pure and simple. It is not an assumption of the risk. The plaintiff has exposed himself to the risk of future harm, but he has not consented to relieve the defendant of any future duty to act with reasonable care. That's how they put it. Don't we at best, from your perspective, have a fact question about assumption of the risk? He certainly didn't knowingly consent to have the guy drive the forklift, hit him, knock him on his ground and bang up his head. What he knowingly consented to was to stand in proximity to a forklift that was being operated by a driver who could not see in front of him and could not see him. Counsel, I've listened to your argument and I've started counting the number of times either in a case or in your argument based on the facts of this case. Nothing changed. That seems to be both the factual and the legal position that you're taking. Plaintiff's taking the position that something did change. If something did change, your position would change, wouldn't it? It would need to, yes, Your Honor. You're correct. And so if we find in the record support for, and this is, I think, a fair question, support for something, some evidence that something changed, then we have a fact question. Something changed in the context of comparing, for example, what happened in Kroger v. Williams to what happened in the records. Let me follow up on this. He says he didn't move, right? Always stood in the same place. You agree with that? He says that he did move, but he would come back and stand in roughly the same place each time. Okay. So there's an inference there that something changed because he stood in the same place every time he got hit once. So there's some evidence in this record that something changed. If what he does, if what the plaintiff does changes, then that's not going to be the type of change that Kroger and Little Rapids are looking for. You're talking about human beings. You've got one driver of a forklift who you say does the same thing every time, so it doesn't change. Plaintiff goes back to the same spot every time, so that doesn't change. So you're arguing human behavior and when you call a change and when you don't call a change. What you're looking for here, and Little Rapids says this, what Little Rapids is about is a case where boxes were knocked off the top of a forklift onto the individual. That happens on the last pass. It had not happened on any other pass. That is different. On this time, there is nothing different the forklift operator did. There's nothing the plaintiff can point to to say that the forklift operator was negligent, except one, he couldn't see where I was and two, he hit me. And I went back to the same position every time and he never hit me before and on the last one he hit me. And who could see and who couldn't see. Well, that sounds like a case for a jury. It would be, except the plaintiff does not identify a single thing that he does differently and even says affirmatively. Okay, but I just, I gave you the inference. The inference that something different happened. You say forklift driver does the same thing every time. He says he goes back to the same spot every time. There's an inference there that something different happened. Well, I don't know that he says he goes back to the same place every time. I thought you just told me that. Well, I would agree that he says he goes back to the general same area. He must have done something differently. Why does he get hit by the forklift? But it's him that can see. Because the forklift did something differently. That's the inference. If I place my hand near his saw and he saw over and over again and I don't get hurt by the saw, but then the final time I do, that's me assuming the risk of doing that over and over again. Okay, all right. I'm not done, counsel. I have one more question. Thank you. Even assuming, arguendo, that I accept the proposition the forklift driver never changed his conduct. He just continued to drive the forklift on the fourth occasion in the same way he did on the preceding three. How would this be a static or passive defect rather than an allegation of active negligence on the part of a driver who was driving a forklift? That's what I'm having trouble understanding. Whether he changed his behavior or he did not, this is an allegation of active negligence, is it not, rather than an allegation that there was a passive defect on the property that the owner has premises liability for. What is missing is that allegation of negligence. To say he was negligent is not enough. It must say specifically how was he negligent. What did he do that was negligent? And they have identified nothing except that. That he drove the truck and ran him over, knocked his head on the ground, and it caused him grievous mental damage. Just because an accident, there's law on this and I can give you a site, that just because an accident occurred does not mean there was negligence. Well, he may be wrong. He may not have been negligent. But whether the act was negligent or not, the conduct about which we are having this discussion was active rather than passive, was it not? It was active in the same way that a saw running at a sawmill is active or an elevator. Thanks very much. For purposes of active negligence, does it matter whether he changed his behavior in driving the forklift or not? I know, Your Honor, it doesn't. Why not? Because the reason why active negligence is different than a static condition is because the static condition doctrine has as its foundation the equal knowledge premises, the equal knowledge component of duty and premises liability. And it is simply not the case that a plaintiff can ever have equal knowledge of future negligent act on a premises in the premises context. That is to say that Mr. Newcomb could never have perfect knowledge of what Mr. Smalls is going to do next. So if there was a hole in the ground and it was there, that would be a static defect? Precisely. A hole in the ground, a box that's been left out in the middle of the hallway, the absence of a light or the absence of a security camera. In those situations, the plaintiff can have identical or even greater knowledge in some cases than the premises owner. It is not possible for a plaintiff to have greater knowledge of what Mr. Smalls was going to do than Mr. Smalls himself had knowledge. And therefore, it is always a future act of negligence. And I think Little Rapids makes that clear. Wasn't he in a position, though, where he had a better view of what was going on than the forklift driver? I'm not sure. Depending on how the driver was actually maneuvering that truck. His claim is, you know, say what you will, Newcomb could see things, had a view, the whole peripheral view of what was going down there in a way that was not equal to but actually was superior to the view of the driver. Well, that's perhaps you could say that. And in fact, he does say that. Well, I mean, one of our. And the district court says that. Our claim is that Mr. Smalls, Mr. Newcomb still couldn't have Mr. Smalls is going to New Decks and ultimately whether the forklift strikes Mr. Newcomb is determined by Mr. Smalls action. In addition, the fact that Mr. Smalls did not have a proper lookout is, in fact, one of our underlying allegations on the ordinary negligence. You know, opposing counsel stood up and said, we're not suggesting anything specific that Small did wrong. Failure to maintain an active lookout is also a negligent act. I'd like to respond to one question by Judge Marcus and then one by Judge Rastani. I think impliedly by Judge Black to Judge Marcus. I think you are correct that the proper way to look at this case, a forklift is that the forklift is an ordinary negligence claim, not a premises liability claim. And I think you've cited the correct general principle of law. I would note that there is, in fact, more specific and directly applicable law in Georgia. The Georgia Court of Appeals have actually twice managed to address a forklift on a premises. In both of those cases, a forklift was owned by a third party. The plaintiff was injured and the plaintiff attempted to sue the premises owner. And in both cases, the Georgia Court of Appeals said, well, that's a forklift case. That's not really a premises case. So I think even on the very narrow fact of this case, this specific issue has been directly addressed. And that was Cooper Tire v. Merritt, which is 271 Georgia App 16 and Murphy v. Blue Board, 207 Georgia App 853. Would it be OK if I quickly address what evidence there is in the record of a change in? We'll give you one more minute. So first, I think one point that is actually uncontroverted, not just disputed, but uncontroverted, is that Mr. Newcomb, during the time the forklift was making its pass, always stood in precisely the same location. The evidence about him later walking forward was referring to the fact that when the forklift came to a stop, he would then walk out and check the temperature of the corn. There's no evidence that he ever stood anywhere other than the same exact position for each pass. So therefore, it's not just plausible, but seems undeniable that the forklift had to have done something different because it did not hit him on four passes and hit him on one. In addition, the passage that opposing counsel cites, this court will have an opportunity to read, but I view that as Mr. Newcomb understanding him being asked to speculate at what was in Mr. Smalls' head, and he says, I can't say what Mr. Smalls did. Actually, Mr. Newcomb's testimony said that he failed to line up before he hit him. And then again, he says, after he hit him, he then, it said he did something, it does say he did something different before he hit him. And then it says, again, that there was a change in position when he went to put it in the chain. So there was like, he's saying there's two chains to the position. I just read it. Right. So I think on the first four passes, what Mr. Newcomb says is that he would stop, let Mr. Newcomb check the temperature, they'd have a conversation, then he'd line up and go in. On the last pass, Mr. Newcomb's position, he never lined up. He plows into Mr. Newcomb, then at that point, still not realizing he had injured Mr. Newcomb, starts to line up, Mr. Newcomb's still conscious and yells. And so I take it opposing counsel's position is that proves he was doing the same thing all along. Right. But clearly something different happened, or at least there's a triable issue of whether something different happened, because this is the only time the forklift plowed into Mr. Newcomb, who was standing in precisely the same spot every time, or so a jury could conclude. Thank you, Your Honors. Thank you very much. And thank you, Mr. Pickett, for your reference. We appreciate it. And we will go on to the last case.